**MILLER PROPERTIES, INC., Plaintiff,**

v.

**GOVERNMENT OF THE VIRGIN ISLANDS, and Roy Martin, in his official capacity as Tax Assessor, Defendants.**

No. CIV.2001–151.

District Court, Virgin Islands, D. St. Thomas Division and St. John.

Aug. 15, 2003.

James M. Derr, Esq., David E. Nichols, Esq., St. Thomas, VI, for Plaintiff.

Wayne G. Anderson, Esq., St. Thomas, VI, for Defendants.

## MEMORANDUM

MOORE, District Judge.

On May 12, 2003, I found the Territory's property tax system unlawful because it "systemically employ[ed] a method of assessment not calculated to determine the actual value of properties as required by 48 U.S.C. § 1401a." *Berne Corp. v. Government of the Virgin Islands*, 262 F.Supp.2d 540, 561 (D.Vi.2003) [*Berne Corp. II* ]. Accordingly, I entered a decree in the consolidated portion of this case awarding injunctive and other such relief common to all parties. All that remains for resolution in this case is application of this decree to the unique facts posed in this individual action brought by plaintiff Miller Properties, Inc. ["Miller Properties" or "plaintiff"], including its request for declaratory relief regarding the actual value of the parcels of real property its owns.

## I. FINDINGS OF FACT AND CONCLUSIONS OF LAW

Miller Properties is a Virgin Islands corporation that owns commercial real property on St. Thomas known as the Buccaneer Mall, which is comprised of Parcel No. 9 & 10 Estate Thomas, 9 of 6H Estate Thomas, and 9–10 of 6H Estate Thomas. Miller Properties presently occupies the Buccaneer Mall pursuant to a lease agreement with the legal owner of the property, Topa Equities Limited (Miller Test., Jan. 27, 2003, at 6.) Under the lease, Miller Properties is obligated to pay all property taxes assessed against the property.

Upon its belief that the Government was vastly overstating the value of its properties [1] for property tax purposes, the plaintiff filed timely appeals of their assessments with the Board of Tax Review. Despite the fact that some of these appeals have been pending since 1997, the Board of Tax Review failed to conduct hearings or provide any relief to plaintiff. Accordingly, Miller Properties sued the defendants in this Court alleging that the Government had illegally assessed the value of their properties based on replacement value, rather than the actual value required by federal law.

At the trial of this individual case, Miller Properties presented much evidence in support of its valuations of the Buccaneer Mall, including two appraisal reports of its expert Steve Jamron. The Government, on the other hand, failed to produce any evidence to support the values assessed by the Tax Assessor's Office. In fact, one exhibit offered by the defendants in support of their assessments had the opposite effect. Defendant's Exhibit A, the property card for the Buccaneer Mall, noted "THIS BUILDING IS CLASSIFIED AS A 6 PLUS SINGLE FAMILY DWELLING FOR GREATER VALUES. THE BUILDING IS ACTUALLY A STORE." I can only conclude that the Government purposely used this incorrect designation to increase the assessed value of the properties. With no evidence to

---

**1.** Miller Properties also owns commercial real property on St. Croix known as the Orange Grove Apartments. Since the trial on the consolidated portion of this case, the parties reached a settlement regarding the value and tax liability of this property.

justify the Tax Assessor's assessments, I find plaintiffs' testimony to be credible and the Government's testimony self-serving and incredible. Accordingly, I incorporate my earlier findings from the consolidated portion of this case by reference, find that "the system of assessment as presently established and operated by the Tax Assessor is structurally incapable of equitably and reliably implementing the federal statutory mandate of taxing all real property on its actual value," *see Berne II*, 262 F.Supp.2d at 555, and, in actual application to the plaintiffs' properties, has failed to produce reliable or equitable assessments of their actual or fair market values. Thus, all that remains is to determine a suitable remedy for plaintiffs' respective properties.

## II. REMEDIES

The following chart demonstrates the assessed values and tax liability for the Buccaneer Mall as well as plaintiff's own appraised values and proposed tax liability for its 1997–2001 tax bills.

| Tax Bill | Assessed Value | Plt.'s Value | Tax Paid | Tax at Plt.'s Value | Overpaid |
|---|---|---|---|---|---|
| 1997 | $6,729,521 | $5,600,000 | $48,223 [2] | $42,000 | $ 6,223.00 |
| 1998 | $6,684,680 | $5,300,000 | $48,223 | $39,750 | $ 8,473.00 |
| | | | | Total | $14,696.00 |
| 1999 | $7,412,334 | $5,000,000 | $48,223 | $37,500 | $10,723.00 |
| 2000 | $7,361,385 | $5,045,000 | $48,223 | $37,837.50 | $10,385.50 |
| 2001 | $ 0.00 [3] | $5,145,000 | $ 0.00 | $38,587.50 | $ 0.00 |
| | | | | Total | $21,108.50 |

Having reviewed the testimony and evidence presented by plaintiff, and noting the inability of the Government to produce any evidence to support its values, I find Miller Properties' values to be credible and the Government's values to be overinflated and not credible. Accordingly, per my August 13, 2003 memorandum in the individual case of Equivest St. Thomas, Inc., I will accept and declare that the values provided by Miller Properties for the 1997 and 1998 tax bills are the actual values for those tax years. Moreover, I find that plaintiff has overpaid its property taxes for those years and is entitled to a refund of $14,696.00 plus interest at the statutory rate of 12 percent.[4]

■ Finally, for the 1999 tax bill and beyond, I will accept Miller Properties' proffered values as good faith estimates of its tax obligations and order the Government to treat these values as the assessed values of the Buccaneer Mall until the Special Master has certified the Territory's assessment system to be capable of assessing properties at their actual value. As plaintiff has already paid its 1999 and 2000 tax bills at the Government's assigned values, it is entitled to a credit of $21,108.50 plus interest at the statutory rate of 12 percent, also from the date of

---

2. Pursuant to 33 V.I.C. § 2451(b), Miller Properties paid to the Government the amount due on its 1996 property tax bill, the last non-appealed year.

3. The Government never issued a 2001 tax bill for the Buccaneer Mall.

4. Interest on such refunds shall begin to accrue on the date of the overpayment. *See* 33 V.I.C. § 1251(b)(2).

overpayment. The Government may not apply this credit to any future property tax obligation without plaintiff's consent. The Government may, however, chose to refund this credit and interest to Miller Properties.

## DECREE

Having considered the entire record in this matter, including the testimony and documentary evidence presented at the trial on January 27, 2003, and based on the Memorandum of even date, it is hereby,

**DECREED** that the Tax Assessor's Office has failed to assess and tax the litigated property of plaintiff at its actual value.

The Court further enters the following remedial orders:

**ORDERED** that the Buccaneer Mall shall have a value of $5,600,000.00 and a tax liability of $42,000.00 for its 1997 tax bill, a value of $5,300,000.00 and a tax liability of $39,750.00 for its 1998 tax bill, a value of $5,000,000.00 and a tax liability of $37,500.00 for its 1999 tax bill, a value of $5,045,000.00 and a tax liability of $37,837.50 for its 2000 tax bill, and a value of $5,145,000.00 and a tax liability of $38,587.50 for its 2001 tax bill; it is further

**ORDERED** that plaintiff Miller Properties is entitled to a refund of $6,223.00 for the overpayment of its 1997 tax bill plus interest at the statutory rate of 12 percent accruing from the date of the payment to be refunded within thirty (30) days of this Order, a refund of $8,473.00 for the overpayment of its 1998 tax bill plus interest at the statutory rate of 12 percent accruing from the date of the payment to be refunded within thirty (30) days of this Order, a credit of $10,723.00 for its overpayment of its 1999 tax bill plus interest at the statutory rate of 12 percent accruing from the date of the payment, and a credit of $10,385.50 for its overpayment of its 2000 tax bill plus interest at the statutory rate

of 12 percent accruing from the date of the payment; and it is further

**ORDERED** that the values and tax liabilities for plaintiff's property for its tax bills up to and including 1998 are the actual values and tax liabilities. The values and tax liabilities for plaintiff's property for its tax bills from 1999 and later shall remain in effect until such time as the Special Master certifies the Territory's property tax system will produce credible and reliable actual values.