**MILLER PROPERTIES, INC., ROBERT SCHMIDT, KIM HOLDSWORTH, ROBERT SCHMIDT DEVELOPMENT CORPORATION, DORI P. DERR, ELISABETH SHARP, LINDON CORPORATION and GORDON L. COFFELT, Plaintiffs**

**v.**

**GOVERNMENT OF THE VIRGIN ISLANDS, and ROY MARTIN, in his official capacity as Tax Assessor, Defendants**

Civ. Nos. 2001-151, 2001-181, 2001-228, 2002-057

District Court for the Virgin Islands

Division of St. Thomas and St. John

April 14, 2004

JAMES M. DERR, ESQ., DAVID E. NICHOLAS, ESQ., St. Thomas, U.S.V.I., *for plaintiffs Miller Properties, Inc., Schmidt et al., and Elisabeth Sharp*

SORAYA DIASE-COFFELT, ESQ., St. Thomas, U.S.V.I., *for plaintiffs Lindon Corp. et al.*

KERRY E. DRUE, AAG, ESQ., WAYNE G. ANDERSON, AAG, ESQ., CAROL THOMAS-JACOBS, AAG, ESQ., St. Thomas, U.S.V.I., MICHAEL MCLAURIN, AAG, ESQ., St. Croix, U.S.V.I., *for the defendants*

MOORE, *Judge*

## MEMORANDUM

On May 12, 2003, I found the Territory's property tax system unlawful because it "systemically employ[ed] a method of assessment not calculated to determine the actual value of properties as required by 48 U.S.C. § 1401a." *Berne Corp. v. Government of the Virgin Islands,* 262 F. Supp. 2d 540, 561 (D.V.I. 2003). Accordingly, I entered a decree in the consolidated portion of this property tax litigation awarding injunctive and other such relief common to all parties. I subsequently applied this decree to the unique facts posed in each of the above-captioned matters, finding in each case that the Tax Assessor's office had illegaly overcharged the plaintiffs for certain property tax bills. *See Miller Properties v. Government of the Virgin Islands,* 277 F. Supp. 2d 619, 621-22 (D.V.I. 2003); *Schmidt v. Government of Virgin Islands,* 278 F. Supp. 2d 561, 564 (D.V.I. 2003); *Sharp v. Government of Virgin Islands,* 278 F. Supp. 2d 585, 587 (D.V.I. 2003); *Lindon Corp. v. Government of Virgin Islands,* 278 F. Supp. 2d 579, 582 (D.V.I. 2003). As a remedy for the government's illegal acts, I ordered the government to refund part of these overpaid property tax bills with interest and to credit the remaining portion to the plaintiffs. *See, e.g., Miller Properties v. Government of the Virgin Islands,* 277 F. Supp. 2d 619, 622 (D.V.I. 2003).

The government has appealed my decisions in each of these individual matters, and has filed a motion to stay enforcement of my decrees pending appeal. For the reasons set forth below, I will deny the government's motion for a stay.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Rather than retelling of the long, sorry history of this litigation,[1] I will focus on the decrees and accompanying memoranda entered in each of these individual matters.

### A. *Miller Properties, Inc. v. Government of the Virgin Islands et al.,* Civil No. 2001-151

On August 15, 2003, I issued a memorandum in Civil No. 2001151 finding that "the Tax Assessor's Office has failed to assess and tax the litigated property of the plaintiff at its actual value." *Miller Properties,* 277 F. Supp. 2d at 622. To remedy the government's unlawful behavior, I found and decreed that the credible property values that the plaintiff presented at trial were the actual property values for the years in question. *Id.* I also found and decreed that the plaintiff was entitled to a refund with interest for the $14,696.00 it was forced to overpay on its 1997 and 1998 property taxes and to a tax credit with interest for the $21,108.50 it was forced to overpay on its 1999 and 2000 property taxes. *Id.*

### B. *Robert Schmidt et al. v. Government of the Virgin Islands et al.,* Civil No. 2001-181

On August 18, 2003, I issued a memorandum in Civil No. 2001181 finding that the Territory's unlawful system of property assessment failed to produce reliable or equitable assessments of the plaintiffs' properties at their actual or fair market values. *Schmidt,* 278 F. Supp. 2d 561, 564. To remedy the government's unlawful behavior, I found and decreed that the credible property values the plaintiffs presented at trial were the actual property values for the years in question. *Id.* I also found and decreed that the plaintiffs were entitled to refunds with interest for the $28,477.75 they were collectively forced to overpay on their property taxes for the 1998 property tax year or earlier. *Id.* at 573-79. For the 1999 property tax years or later, I found that the plaintiffs were entitled to a tax credit with interest for the $16,064.61 they were collectively forced to overpay. *Id.*

---

[1] For a thorough account of this history, *see Berne Corp. v. Government of the Virgin Islands,* 262 F. Supp. 2d 540, 561 (D.V.I. 2003); *Miller Properties v. Government of the Virgin Islands,* 277 F. Supp. 2d 619, 622 (D.V.I. 2003).

## C. *Elizabeth Sharpe v. Government of the Virgin Islands et al.,* Civil No. 2001-228

On August 22, 2003, 1 issued a memorandum in Civil No. 2001-228 finding the Territory's unlawful system of property assessment failed to produce reliable or equitable assessments of the plaintiff's properties at their actual or fair market values. *Sharp,* 278 F. Supp. 2d at 587. To remedy the government's unlawful behavior, I found and decreed that the credible property values that the plaintiff presented at trial were the actual property values for the years in question. *Id.* I also found and decreed that the plaintiff was entitled to a refund with interest for the $14,800.02 she was forced to overpay on her 1996-1998 property taxes and to a tax credit with interest for the $11,795.36 she was forced to overpay on her 1999-2001 property taxes. *Id.* at 589-90.

## D. *Lindon Corporation et al. v. Government of the Virgin Islands et al.,* Civil No. 2002-57

On August 22, 2003, I issued an memorandum in Civil No. 2002-57, finding that the Territory's unlawful system of property assessment failed to produce reliable or equitable assessments of the plaintiffs' properties at their actual or fair market values. *Lindon Corp.,* 278 F. Supp. 2d at 582. To remedy the government's unlawful behavior, I found and decreed that the credible property values that the plaintiffs presented at trial were the actual property values for the years in question. *Id. I* also found and decreed that Lindon Corporation was entitled to refunds with interest for the $79,753.34 it was forced to overpay on its 19941998 property taxes and a tax credit with interest for the $42,654.91 it was forced to overpay on its 1999-2001 property taxes. *Id.* at 584-85. Additionally, I found and decreed that Gordon Coffelt was entitled to a tax credit with interest for the $7360.74 he was forced to overpay on his 1999-2001 property taxes. *Id.*

## II. ANALYSIS

Instead of paying the money it owes to the plaintiffs, the government notice its appeal of those cases and filed motions for a stay of my decrees pending the outcome of those appeals. The government argues that it is entitled to a stay as a matter of right or, alternatively, that I should grant a discretionary stay.

## A. Stay As A Matter of Right

 The government argues that, under 5 V.I.C. § 1141(b), it is entitled to a stay of this decree as a matter of right.[2] Section 1141(b), however, does not apply because the remedial orders entered against the government were necessitated by the government's violation the plaintiff's federal right under 48 U.S.C. § 1401a to have its real property assessed at its actual value. *See Berne Corp.*, 262 F. Supp. 2d at 558-566. A territorial statute cannot exempt the Government of the Virgin Islands from liability for violation of a federal statute. entire territorial government of the Virgin Islands—the executive, the legislature, and the judiciary—are wholly the creation of Congress under Article IV, section 3, clause 2 of the Constitution (the "territorial clause"). Congress reiterated the supremacy of federal law in the Revised Organic Act of 1954, for example, section 8(a) authorizes the Virgin Islands legislature to enact territorial laws that are "not inconsistent with ... the laws of the United States made applicable to the Virgin Islands ..." Revised Organic Act of 1954, § 8(a), 48 U.S.C. 1574(a).[3] Accordingly, neither the Government of the Virgin Islands nor the Virgin Islands Tax Assessor are entitled to a stay as a matter of right under 5 V.I.C. § 1141(b).

## B. Discretionary Stay

 The government argues in the alternative that it is entitled to a discretionary stay under Rule 62 of the Federal Rules of Civil Procedure. The Supreme Court has delineated the following factors for consideration in evaluating a request for a stay under Rule 62:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be

---

[2] 5 V.I.C. § 1141 (b) provides:

> In any civil action in which the government of the Virgin Islands is a party, no bond, written undertaking, or security shall be required of the government of the Virgin Islands. Upon complying with other requirements, the government of the Virgin Islands has the same rights, remedies, and benefits as if the bond, undertaking, or security had been given and approved.

[3] The complete Revised Organic Act of 1954 is found at 48 U.S.C. §§ 1541-1645 (1995 & Supp. 2001), *reprinted in* V.I. CODE ANN. 73-177, Historical Documents, Organic Acts, and U.S. Constitution (1995 & Supp. 2001) (preceding V.I. CODE ANN. tit. 1).

irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Hilton v. Braunskill,* 481 U.S. 770, 776 (1987).

The government's motion vaguely refers to "whether the separation of powers doctrine precludes Court [sic] from assessing property," notes that "generally" courts remand improper tax assessments to the assessing body, and claims that "there is an issue of whether property taxes in the Virgin Islands can be based on good faith estimates by the taxpayer." (Def.'s Br. at 6-7.) I find these arguments do not constitute a strong showing that the government is likely to succeed on the merits. *See Republic of Philippines v. Westinghouse Electric Corporation,* 949 F.2d 653, 658 (3d Cir. 1991).

Second, the government will not be irreparably injured if it pays the ordered refunds to the plaintiffs and then prevails on appeal. The real property will not disappear and stands as security for the refunds. It can be attached by the government and sold to repay whatever any plaintiff fails to repay to the government if the government is successful on appeal.

Third, given the precarious financial condition of the Virgin Islands Government, the plaintiffs are at risk of "substantial injury" should the government be unable to pay the money it owes to the plaintiffs.

Finally, contrary to the government's claim that "it would be prudent and further the interests of justice for the Court to stay all proceedings" in this matter, the public interest would benefit greatly if the government simply complied with federal law and returned the money it unlawfully took from the plaintiffs.

■ The above analysis demonstrates that the defendants are not entitled to a stay under *Hilton.* As I find that the government has failed to show it is entitled to a stay under these factors, I will deny its request for a discretionary stay.

## III. CONCLUSION

The government is not entitled to a stay of execution of my August 15, 2003 decree in these individual cases, either as a matter of right or in the Court's discretion. Accordingly, I will deny the government's motions.